**Motion for Rehearing Denied; Opinion of July 19, 2011, Withdrawn; Affirmed, and Substitute Memorandum Opinion filed September 29, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-01054-CV

**SOLUM ENGINEERING, INC., Appellant**

**V.**

**PREIS & ROY, P.L.C., Appellee**

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-25799**

## SUBSTITUTE MEMORANDUM OPINION

We overrule the motion for rehearing, withdraw our opinion dated July 19, 2011, and issue the following substitute memorandum opinion.

In this breach of contract case, appellant, Solum Engineering, Inc. ("Solum") appeals from the trial court's judgment in favor of appellee, Preis & Roy, P.L.C. ("P&R"). In a single issue, Solum asserts that the trial court erred in rendering judgment against it because Solum's majority shareholder had fired P&R before the damages at issue were incurred. We affirm.

## BACKGROUND

Solum is a corporation that, at the time this dispute arose, consisted of three shareholders, each holding 500 shares of company stock. In September 2005, Solum, through its then-president and shareholder Marie Starich, engaged P&R to represent it in an effort to recover $30,000 drawn down from Solum's line of credit that allegedly had been appropriated by another shareholder, James G. Strachan, for his personal use. Relations between the three shareholders of Solum broke down, and they began fighting amongst themselves over control of the corporation. P&R filed suit on Solum's behalf against Strachan in Fort Bend County in an attempt to recover this money.[1]

On April 23, 2007, while the suit filed by Solum against Strachan was pending in Fort Bend County, Strachan purchased the 500 shares owned by the third shareholder of the corporation, Jorge Gonzalez. That same day, Strachan sent letters to Starich and P&R, purporting to fire (a) Starich as president and director of Solum and (b) P&R as its counsel. P&R began receiving conflicting directives from the remaining shareholders. Because it no longer knew who had authority to act on Solum's behalf, P&R moved to withdraw as Solum's counsel in the Fort Bend County court on May 29, 2007.

The Fort Bend County court heard this motion (among other matters) on July 9, 2007. At that hearing, the trial court denied P&R's motion to withdraw on the basis that Solum was still involved in litigation and had not yet hired another lawyer. On August 3, 2007, Solum retained substitute counsel. But between the date of Strachan's purported termination of P&R and the date that Solum obtained substitute counsel, P&R continued to represent Solum and incurred an unpaid balance of fees and costs of $18,685.73. Solum refused to pay P&R for these fees, contending that it was not obligated to do so because Strachan, as majority shareholder, had terminated P&R's services on April 23, 2007.

---

[1] Subsequently, Strachan either initiated or was joined as a party to several different suits in Fort Bend County variously involving Solum's shareholders, its attorney, and the presiding trial court judge.

After making an unsuccessful demand on Solum for these fees, P&R filed the instant suit for breach of contract and quantum meruit in the 61st District Court of Harris County in April 2009. Solum filed an answer and counterclaims. The trial court denied Solum's request for a declaratory judgment that there was no contract because P&R had been fired. After P&R's partial summary judgment was granted, disposing of all of Solum's counterclaims except its counterclaim for breach of contract, this case was tried to the bench on P&R's claims on September 1, 2010.

At the bench trial, Lori Hood, the former P&R attorney who had performed the majority of work for Solum in the underlying Fort Bend County litigation,[2] testified that she was unaware of the timing of Strachan's purchase of Gonzalez's stock, explaining that "until the shares were transferred on the books of the company, by virtue of the company's by-laws, the transfer was not a known fact." She further explained that she did not know what responsibilities the various individuals involved in the underlying litigation had. As the company lawyer, she knew that the by-laws required shares to be "denoted onto the share transfer ledger, an actual certificate be cancelled, and a new certificate entered before anybody could vote those shares."

Hood testified that from April to August 2007, she was dealing with "upwards of six or seven or eight letters a day from the Strachans and their lawyers."[3] In addition, P&R entered a copy of the official transcript from the July 9, 2007 Fort Bend County court hearing on its motion to withdraw and copies of the bills it sent to Solum for the services provided during the period from April to August 2007. Finally, another P&R attorney testified regarding the attorney's fees the firm had incurred in pursuing this contract claim and the fees it anticipated incurring should Solum file a motion for new trial or an appeal.

---

[2] Hood was no longer employed by P&R when the bench trial was conducted.

[3] Strachan's father, James D. Strachan, became very involved in the Fort Bend County litigation.

3

Strachan testified that he purchased Gonzalez's stock on April 23, 2007 and fired P&R on that same date. He admitted that Solum's by-laws require that all stock sales be recorded. However, he stated his position as follows: "As a majority owner, I had the authority to terminate Preis & Roy and Marie Starich as president of Solum Engineering."

The trial court signed a final judgment in favor of P&R on September 2, 2010, awarding P&R $18,685.73, as well as pre-judgment interest. It further awarded P&R $51,159.00 as attorney's fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code. The judgment included costs of court and attorney's fees if Solum unsuccessfully filed a motion for new trial or an appeal. The trial court additionally signed findings of fact and conclusions of law on September 2, 2010. The court found, in pertinent part, as follows:

> 2.   On September 1, 2005, Solum retained P&R to assist it in recover[ing] monies taken from Solum by James G. Strachan, one of Solum's three shareholders at the time. The parties entered into a valid written contract memorializing the agreement by which P&R was to provide representation services to Solum. All parties to the contract had authority to enter into said contract.
>
> 3.   P&R represented Solum from September 1, 2005 to August 3, 2007. During this time period, P&R performed legal services for Solum on a regular basis and on which a regular and systematic account was kept. During the course of P&R's representation during this time period, Solum incurred legal fees and costs of $75,045.16, of which the sum of $56,359.43 was paid by Solum, leaving a due and owing balance of $18,685.73, which Solum refused to pay.
>
> 4.   P&R performed its obligations under the contract by providing the services requested according to the rates agreed upon with Solum. Solum has breached the contract by failing and refusing to pay for all legal services performed by P&R.
>
> 5.   As a result of Solum's breach of its contract with P&R, P&R has been damaged and is entitled to recover the sum of $18,685.73, being the fees incurred by Solum, as well as pre-judgment and post-judgment interest, and its reasonable and necessary attorney's fees in prosecuting this

4

claim pursuant to Section 38.001(1) and (8) of the Texas Civil Practice and Remedies Code.

Solum subsequently filed a motion for new trial, which was overruled. This appeal timely followed.

## ANALYSIS

In a single issue, Solum asserts the following:

The trial court erred in rendering a breach of contract judgment for Preis & Roy, P.L.C., based on another court's unlawful ruling that Solum Engineering, Inc.'s new majority owner, James G. Strachan, could not fire Preis & Roy because the sale of Solum's controlling shares to him was incomplete, until said shares were transferred on Solum's stock book.

We begin our analysis by noting that nowhere in the trial court's judgment or findings does it indicate that the judgment was based on the Fort Bend County court's ruling that the sale of Solum's controlling shares to Strachan was incomplete until the shares were transferred in Solum's corporate records. Thus, we focus on the central issues in this case: (a) whether Strachan had authority to fire P&R when he became the majority shareholder of Solum and (b) whether P&R could withdraw as Solum's counsel in the face of a trial court order to the contrary.

"Under Texas law, a corporation is an entity separate from its shareholders. While under certain extraordinary circumstances the corporate fiction may be disregarded, mere control and ownership of all the stock of a corporation is not a sufficient basis for ignoring the distinction between the shareholder and the corporate entity." *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997) (citations omitted). Thus, even an individual's status as a sole shareholder does not extinguish the existence of a corporation as a distinct legal entity, separate and apart from its shareholder(s). *See id.*

Here, as discussed above, Solum, not Strachan individually, hired P&R. Thus, only Solum had the authority to terminate the contract with P&R. Strachan's letter to

5

P&R states: "As the *majority shareholder/owner* of Solum Engineering, Inc., you are hereby notified that Preis & Roy is terminated as Solum Engineering, Inc.'s attorney of record. This action will be ratified at duly noticed special shareholder and director meetings on April 24, 2007." (emphasis added). Strachan did not sign this letter as an officer or director of Solum; rather he signed it as "James G. Strachan," followed by his home address. Simply put, there is nothing in this letter indicating that Strachan had the authority to terminate the contractual relationship between Solum and P&R. *See id.* Further, our review of the record indicates that Strachan did not provide any evidence that the board of directors of Solum had terminated P&R's representation of the corporation. *See* Tex. Bus. Orgs. Code Ann. § 21.401 (West 2009) ("[T]he *board of directors* of a corporation shall: (1) exercise or authorize the exercise of the powers of the corporation; and (2) direct the management of the business and affairs of the corporation." (emphasis added)). Just as a shareholder generally is not liable for a corporation's obligations under a contract,[4] a shareholder cannot terminate a corporation's contractual obligations. *See* Tex. Bus. Orgs. Code Ann. § 21.401.

Moreover, at the time that Strachan purportedly terminated P&R, Solum was engaged in on-going litigation in Fort Bend County. The trial judge in Fort Bend County refused to permit P&R to withdraw as Solum's counsel and ordered P&R to continue its representation of the corporation until the corporate formalities were conformed with and Solum obtained substitute counsel. "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Tex. Disciplinary Rules Prof'l Conduct R. 1.15(c), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005). Furthermore, a lawyer cannot ignore a standing court order absent compelling reasons to do so. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.04(d) ("A lawyer *shall not* . . . knowingly disobey, or advise the client to

---

[4] *E.g.*, *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006) ("A bedrock principle of corporate law is that an individual can incorporate a business and thereby normally shield himself from personal liability for the corporation's contractual obligations.").

disobey, an obligation under the standing rules of or a ruling by a tribunal except for an open refusal based either on an assertion that no valid obligation exists or on the client's willingness to accept any sanctions arising from such disobedience." (emphasis added)).

Under the unique circumstances of this case, we conclude that the trial court properly found that Solum breached its contract with P&R. Strachan failed to establish that he had authority to terminate P&R's representation of Solum, and P&R was ordered by a Fort Bend County court to continue its representation of Solum until Solum retained substitute counsel. Accordingly, we overrule Solum's sole issue on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

/s/     Adele Hedges
         Chief Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Boyce.